# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# CHARLESTON DIVISION

LYNN WOODCOCK, et al.,

          Plaintiffs,

v.                         CIVIL ACTION NO. 2:09-cv-00507

MYLAN, INC., et al.,

          Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court is the defendants' Motion to Certify Issue for Immediate Review by the United States Court of Appeals for the Fourth Circuit Pursuant to 28 U.S.C. Section 1292(b) [Docket 34]. The Motion is **DENIED**.

Piecemeal appeals are strongly disfavored in federal court. Generally, an appeal from a district court's order may only be taken after a final decision in the case. Section 1292(b) of Title 28 of the United States Code provides a limited exception to this general rule. That statute authorizes a district judge to certify an otherwise interlocutory issue for appeal. To do so, the district court must determine that the issue "involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The Fourth Circuit has cautioned that "§ 1292(b) should be used sparingly and . . . its requirements must be strictly construed." *Myles v. Laffitte*, 881 F.2d 125, 127 (4th Cir. 1989).

On October 14, 2009, this court ruled that the learned-intermediary doctrine did not apply to the plaintiffs' failure-to-warn claim. On October 28, 2009, the court denied the defendants'

motion for reconsideration of that ruling. The defendants now seek interlocutory review under § 1292(b).

The issue of whether the learned-intermediary doctrine applies is not a controlling issue of law in this case. Nor would an immediate appeal materially advance the ultimate termination of this litigation. As such, certification under § 1292(b) would be inappropriate.

The Motion to Certify [Docket 34] is **DENIED**. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                ENTER:       December 4, 2009

                Joseph R. Goodwin, Chief Judge